IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TONI DE LANOY,**

    Plaintiff,

v.

**XAVIER BECERRA, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,**

    Defendant.

Civil Case Number:
5:24-cv-66-MW/MJF

## JOINT RULE 26(f) REPORT

Plaintiff Toni De Lanoy, and Defendant, Xavier Becerra, in his official capacity as Secretary of the United States Department of Human and Health Services, pursuant to this Court's Initial Scheduling Order [ECF No. 11] hereby submit this Report of their Planning Meeting under Rule 26(f) of the Federal Rules of Civil Procedure.

1. The parties conferred by email on September 23, 2024. Participating in the email communications were Melissa Scott, attorney for Plaintiff, and AUSA John Spaccarotella, attorney for the Secretary.

2. **Initial Disclosures**. The Parties agree Initial Disclosures are exempt under Rule 26(a)(1)(B)(i) because this is an action for review on an administrative

record.

3. **Discovery Plan**. The parties contend that discovery is not necessary. Plaintiff's complaint is an action for judicial review of an HHS Departmental Appeals Board ("DAB") decision under 42 U.S.C. § 405(g). The DAB dismissed Plaintiff's request for a hearing under 42 C.F.R. § 402.214(b)(2).

Pursuant to 42 U.S.C. § 405(g), Defendants filed its Answer and a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. This Court's review is limited to the administrative record and thus discovery is not warranted.

Accordingly, the Parties respectfully request the Court to enter a schedule for dispositive motions based on the certified administrative record. *See* ECF 10-1.

4. **Magistrate Jurisdiction**. The Parties have conferred on the issue of magistrate jurisdiction.

5. **Nature and Basis of Claims.**

a. Plaintiff asserts that the final agency decision and findings of the Secretary of Health and Human Services are subject to judicial review by this Court and that such final agency decision and findings were arbitrary, capricious, and an abuse of discretion and unsupported by the facts and evidence. Plaintiff further seeks declaratory and injunctive relief to allow her exercise of her due process rights to a full and meaningful hearing within the administrative process to contest the

determination of the Office of Inspector General excluding her participation in Medicare, Medicaid, and all federal healthcare programs under § 1128(a)(1) of the Social Security Act.

    b.    Defendant asserts that the findings of the Secretary of Health and Human Services are subject to judicial review by this Court and such findings are supported by substantial evidence.

6.    **Settlement and Mediation**. The Parties agree that settlement and mediation are inappropriate considering the scope of the remedy available through judicial review.

7.    **Amendment and Joinder**. The Parties propose a timetable commensurate with the Court's schedule for dispositive motions.

8.    **Expert Disclosures.** This Court's review is limited to the administrative record and thus expert disclosures is not warranted.

9.    **Summary Judgment.** The Parties request the Court set a schedule for dispositive motions, which is limited to the evidence provided in the administrative record filed with Defendant's Answer. The Parties propose the following schedule:

    a. Plaintiff Opening Brief: <u>November 8, 2024</u>

    b. Defendant's Responsive Brief: <u>December 13, 2024</u>

10.    **Trial and Pretrial Disclosures.** Trial in this case is not appropriate. Pursuant to 42 U.S.C. § 405 (g), the court shall have power to enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions.

JASON R. COODY
United States Attorney

| | |
|---|---|
| */s/ John Spaccarotella* | */s/ Melissa Scott* |
| **JOHN C. SPACCAROTELLA** | **MELISSA SCOTT, ESQ.** |
| Assistant United States Attorney | Florida Bar No. 1010123 |
| New York Registration No. 4304291 | NELSON MULLINS RILEY & SCARBOROUGH, LLP |
| 111 North Adams Street, 4th Floor | |
| Tallahassee, FL 32301 | One Financial Plaza |
| Telephone: 850-216-3862 | 100 S.E. 3rd Ave, Suite 2700 |
| Fax: 850-942-8466 | Fort Lauderdale, FL 33394 |
| Email: john.spaccarotella@usdoj.gov | Telephone: 954-745-5351 |
| Counsel for United States of America | Email: melissa.scott@nelsonmullins.com |
| | Counsel for Plaintiff |

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF to all interested parties, this 23rd day of September, 2024.

*/s/ John C. Spaccarotella*
**John C. Spaccarotella**
Assistant United States Attorney
*Counsel for United States of America*